UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  25-16406-RAM
IN RE:                                                                CHAPTER 7

KOI CREEK LLC

       Debtor.
_____/

### NOTICE OF JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS CASE WITH PREJUDICE FOR BAD FAITH FILINIG

ERIC PLATERO, AS TRUSTEE OF THE PLATERO CHILDREN'S TRUST U/A/D FEBRUARY 14, 2014 AS AMENDED, "Creditor," joins the United States Trustee's Motion to Dismiss case with prejudice for Bad Faith pursuant to 11 U.S.C. §707(a) [ECF 7] and states:

1.  Creditor holds an unsatisfied Final Judgment and Amended Final Judgment of Foreclosure in the principal amount of $4,034,697.77 against Debtor's interest in property (the "Property") situate in Miami-Dade County, Florida. See composite Exhibit "A" attached hereto. Said Judgment confirms Creditor's interest in the Debtor(s) property located at 9990 SW 90th Avenue, Miami, FL 33176 legally described as:

> The SW 1/4 of the NW 1/4 of the SE 1/4, less the West 316.85 feet, and less the North 396.63, and less the East 25 feet thereof, in Section 4, Township 55 South, Range 40 East, lying and being in Miami-Dade County, Florida.

2.  Creditor joins the Trustee's Motion and requests the in rem stay relief provisions of the Order include the legal description of the Property and apply to all future bankruptcies filed which purport to involve the  Property filed by Debtor or any person or entity filing or claiming an interest in the real estate, by, through, or under Debtor and directing the clerk of the State Court to disregard any and all future bankruptcy filings which are intended to stop or delay

completion of Creditor's foreclosure action as to the Property for two years from the date of such order.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

I HEREBY CERTIFY that a copy of the foregoing was sent via electronic service to the parties registered to receive such service in the CM/ECF system and via regular mail to: KOI CREEK LLC, 9990 SW 90th Avenue, Miami, FL 33176 this 10th day of June, 2025.

SAX, WILLINGER & GOLD
Attorney for Creditor ERIC PLATERO, AS
TRUSTEE OF THE PLATERO CHILDREN'S
TRUST U/A/D FEBRUARY 14, 2014 AS
AMENDED.
1931 NW 150th Avenue, Suite 267
Pembroke Pines, FL 33328
(305) 591-1040
E-mail: sgold@swglawyers.com

 */s/ Stuart M. Gold*
STUART M. GOLD, ESQ.
Fla. Bar No.: 265421

Case 25-16406-RAM    Doc 13    Filed 06/10/25    Page 3 of 9    EXHIBIT "A"

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2023-025460-CA-01</u>
SECTION: <u>CA09</u>
JUDGE: <u>Abby Cynamon</u>

**ERIC PLATERO, AS TRUSTEE OF THE PLATERO CHILDREN S**

Plaintiff(s)

vs.

**KOI CREEK, LLC et al**

Defendant(s)

_____/

### <u>FINAL SUMMARY JUDGMENT OF MORTGAGE FORECLOSURE</u>

   THIS CAUSE came before the Court on February 21, 2025 upon Plaintiff's Motion For Summary Final Judgment For Foreclosure and Assessment of Reasonable Attorney's Fees, with Teyvon Johnson, Esq. present for Plaintiff and Cary Lubetsky, Esq. for Defendant, PIMLICO GROUP, LLC, a Maryland limited liability company, with no other parties present despite proper notice and the Court having examined the documents and pleadings filed herein and being otherwise fully advised, it is

   ORDERED AND ADJUDGED that Final Judgment is hereby GRANTED against all Defendants listed by name: KOI CREEK, LLC, a Florida limited liability company; PIMLICO GROUP, LLC, a Maryland limited liability company:

   1.    Amounts Due.  Plaintiff, ERIC PLATERO, AS TRUSTEE OF THE PLATERO CHILDREN'S TRUST U/A/D FEBRUARY 14, 2014 AS AMENDED, whose address is: 8000 N. Federal Hwy., Suite 200, Boca Raton, FL 33487 is due:

| | |
|---|---|
| Principal................................................................... | $2,800,000.00 |
|    Interest to date of this Judgment...................................... | $1,049,997.60 |
| Prepayment Premium........................................................ | $    14,583.33 |
| Advancement on Insurance................................................. | $    17,198.90 |
|    Interest on Advancement................................................ | $      2,555.16 |
|    Title Search Expense..................................................... | $         275.00 |
|    Attorneys Fees total....................................................... | $    16,362.50 |
|    Court Costs, now taxed.................................................. | $      3,100.00 |
| Sub-Total...................................................................... | $3,904,072.49 |
|    Credit (10/19/2023)........................................................ | $(   10,000.00) |
|    Credit (10/23/2023)........................................................ | $(   10,000.00) |
|    Credit (10/30/2023)........................................................ | $(   10,118.32) |
|    Total......................................................................... | $3,873,954.17 |

that shall bear interest at 25% pursuant to Paragraph 5 of the Promissory Note and as provided in Florida Statute §55.03(1).

2.    Lien on Property. Plaintiff holds a lien for the total sum superior to all claims or estates of Defendant(s), on the following described property located in Miami-Dade County, Florida.

The SW 1/4 of the NW 1/4 of the SE 1/4, less the West 316.85 feet, and less the North 396.63, and less the East 25 feet thereof, in Section 4, Township 55 South, Range 40 East, lying and being in Miami-Dade County, Florida.

a/k/a: 9990 SW 90 Ave., Miami, FL 33176
Parcel Identification Number: 30-5004-000-0660

3.    Sale of Property. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this Judgment are not paid, the Clerk of this Court shall sell said property at Public Sale on March 26, 2025, to the highest bidder for cash, except as described in Paragraph 4 in accordance with Section 45.031, Florida Statutes, by electronic sale beginning at 9:00 a.m. on the prescribed date at www.miamidade.realforeclose.com

4.    Costs. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If the Plaintiff is the purchaser, the clerk shall credit Plaintiff's bid with the total sum with interest and costs incurred subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full.

5.    Distribution of Proceeds. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending to the further order of this Court.

6.    Right of Redemption/Right of Possession. On filing the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, and Defendant's right of redemption as prescribed by Section 45.0315, Florida Statute (2013) shall be terminated, except as to claims or rights under Chapter 718 or Chapter 720, Florida Statutes, if any.  Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property and upon application by the purchaser or purchasers and payment of the appropriate fees and costs, the Clerk of the Court is hereby specifically authorized and directed to issue a Writ of Possession against named Defendant(s) for the premises and the Sheriff is hereby specifically authorized and directed to serve the Writ of Possession forthwith.  Notwithstanding the foregoing, this paragraph is subject to the provisions of the Protecting Tenant At Foreclosure Act of 2009, as amended.

7.    Attorney's Fees.  The Court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the Plaintiff that 38.50 hours were reasonably expended by Plaintiff's

counsel and that an hourly rate of $425.00 is appropriate.  Plaintiff's counsel represents that the attorney's fees awarded does not exceed its contract fee with the Plaintiff.  The Court finds that there is no reduction or enhancement factors for consideration by the Court pursuant to Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

8.   Jurisdiction Retained. Jurisdiction of this action is retained to enter further orders that are proper, including without limitation, a motion to reforeclose an omitted party, a motion for the taxation of additional  attorney's fees and court costs pursuant to FRCP 1.525, a deficiency judgment and/or a writ of possession.

9.   Other. The Plaintiff may assign the Judgment or the bid to a third party without further Order of the Court.  If the Plaintiff or the Plaintiff's assignee is the purchaser at the sale, the Clerk shall credit on the bid of the Plaintiff or Plaintiff's assignee the total sum herein found to be due the Plaintiff or such portion thereof as may be necessary to pay fully the bid of the Plaintiff or Plaintiff's assignee.

IF THE PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN  THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.  PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI , FLORIDA  (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.

IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES.  IF THEY CANNOT ASSIST YOU,

THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>21st day of February, 2025</u>.

2023-025460-CA-01 02-21-2025 12:00 PM
Hon. Abby Cynamon

**CIRCUIT COURT JUDGE**
Electronically Signed

<div style="border:2px solid red; color:red;">

Final Order as to All Parties SRS #: <u>**12**</u> (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

</div>

**Electronically Served:**
Cary A Lubetsky, cal@khllaw.com
Cary A Lubetsky, eservicemia@khllaw.com
David R Roy, david@davidrroy.com
David R Roy, teyvon@davidrroy.com
Jason Elliot Slatkin, jslatkin@loriumlaw.com
Jason Elliot Slatkin, ecf.jslatkin@loriumlaw.com
Jezabel P. Lima, jl@lklsg.com
Jezabel P. Lima, acd@lklsg.com
Jorge Diaz-Cueto, jorgediazcueto@bellsouth.net
Jorge Diaz-Cueto, jdcassistant@gmail.com
Lynette Ebeoglu McGuinness, lem@khllaw.com
Lynette Ebeoglu McGuinness, lem@khllaw.com
Lynette Ebeoglu McGuinness, eservicemia@khllaw.com
Nashid Sabir, nashidlaw@gmail.com
Nashid Sabir, brian@bluoceanlaw.com
Richard B Storfer, rstorfer@loriumlaw.com
Richard B Storfer, R1service@loriumlaw.com
Soimiro Fernandez, Sfernandez@sunlifecap.com
ari pregen, ari@thepregenfirm.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2023-025460-CA-01
SECTION: CA09
JUDGE: Abby Cynamon

**ERIC PLATERO, AS TRUSTEE OF THE PLATERO CHILDREN S**

Plaintiff(s)

vs.

**KOI CREEK, LLC et al**

Defendant(s)

_____/

### ORDER ON PLAINTIFF'S MOTION TO RESET FORECLOSURE SALE AND TO AMEND AMOUNTS DUE ON THE FINAL JUDGMENT OF MORTGAGE FORECLOSURE

THIS CAUSE having come before the Court on April 22, 2025 upon Plaintiff's Motion to Reset Foreclosure Sale and to Amend that Final Judgment dated February 21, 2025 with Teyvon Johnson, Esq. being present for Plaintiff and Cary Lubetsky, Esq. for Defendant, PIMLICO GROUP, LLC, a Maryland limited liability company, with no other parties present, having reviewed the motion, the Court file, and being otherwise advised in the premises, it is hereby

ORDERED and ADJUDGED that said Motion be and is hereby granted.

IT IS FURTHER ORDERED AND ADJUDGED that the foreclosure sale in this cause is reset for June 9, 2025, by electronic sale beginning  at Public Sale to the highest bidder for cash, in accordance with Section 45.031, Florida Statutes, by electronic sale beginning at 9:00 a.m. on the prescribed date at www.miamidade.realforeclose.com . Plaintiff shall cause a Notice of Sale to be published in accord with F.S. §45.031.

IT IS FURTHER ORDERED AND ADJUDGED that the Summary Final Judgment dated February 21, 2025 in the amount of $3,873,954.17  is amended to reflect that the Plaintiff is due interest of $159,203.60, supplemental attorney's fees of $765.00 and supplemental court costs of $775.00 for a total amount due to date of $4,034,697.77 that shall bear interest at 25% pursuant to the Final Judgment dated February 21, 2025 and Florida Statute §55.03.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 22nd day of April, 2025.

2023-025460-CA-01 04-22-2025 1:11 PM
Hon. Abby Cynamon

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Cary A Lubetsky, cal@khllaw.com
Cary A Lubetsky, eservicemia@khllaw.com
David R Roy, david@davidrroy.com
David R Roy, teyvon@davidrroy.com
Jason Elliot Slatkin, jslatkin@loriumlaw.com
Jason Elliot Slatkin, ecf.jslatkin@loriumlaw.com
Jezabel P. Lima, jl@lklsg.com
Jezabel P. Lima, acd@lklsg.com
Jorge Diaz-Cueto, jorgediazcueto@bellsouth.net
Jorge Diaz-Cueto, jdcassistant@gmail.com
Lynette Ebeoglu McGuinness, lem@khllaw.com
Lynette Ebeoglu McGuinness, lem@khllaw.com
Lynette Ebeoglu McGuinness, eservicemia@khllaw.com
Michele A. Cavallaro, Michele.Cavallaro@fnf.com
Nashid Sabir, nashidlaw@gmail.com
Nashid Sabir, brian@bluoceanlaw.com
Richard B Storfer, rstorfer@loriumlaw.com
Richard B Storfer, R1service@loriumlaw.com
Soimiro Fernandez, Sfernandez@sunlifecap.com
ari pregen, ari@thepregenfirm.com

**Physically Served:**